# United States District Court
# District of Massachusetts

VERMONT MUTUAL
INSURANCE COMPANY,
Plaintiff,

V. CIVIL ACTION NO. 11–11869-NMG

ANDREW ZAMSKY,
RENATA IVNISTKAYA,
MASSACHUSETTS PROPERTY
INSURANCE UNDERWRITING
ASSOCIATION,
SCOTTSDALE INSURANCE COMPANY,
Defendants.

## *REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#26), DEFENDANT SCOTTSDALE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT, ETC. (#34) AND DEFENDANT, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT*

***(#48)***

COLLINGS, U.S.M.J.

## *I. Introduction*

This case involves the question of whether an exclusion in homeowners insurance policies issued by Vermont Mutual Insurance Company ("Vermont") on a residence in Sharon, Massachusetts and two rental units in Melrose, Massachusetts to Alexander and Sofia Zamsky ("the Zamskys") is applicable to claims for personal injury occurring on property in Falmouth, Massachusetts which is also owned by the Zamskys but is not insured by Vermont. In its Complaint, Vermont seeks a declaratory judgment that it has no duty to defend claims for bodily injury occurring on the Falmouth property. The defendants oppose Vermont's prayer for such a declaratory judgment, contending that Vermont has a duty to defend.

The Court rules that there are no disputes of material fact and that the summary judgment motions present a clear question of law which may be decided by the Court. The parties agree that Massachusetts law is applicable.

The exclusion found in the three policies issued by Vermont to the Zamskys provides that the policies do not cover "bodily injury" or "property

damage" "arising out of a premises" which are either "owned by", "rented to" and "rented to others by an 'insured' that is not an 'insured location'." It is undisputed that the Falmouth property is not an "insured location" in any of the three policies issued by Vermont. So the issue to be decided is whether the bodily injury which occurred on the Falmouth property can be found to be "arising out of" the Falmouth property such that the exclusion in the three Vermont policies is applicable.

### *II. The Facts*

The undisputed material facts are that Andrew Zamsky, the Zamsky's son, had purchased a portable fire pit for use at the Falmouth property during the summer of 2008. The pit was approximately 2 ½ - 3 foot square and stood about 18 inches high. It weighed between 30 and 40 pounds. The pit was not attached to any part of the property; rather, it was moveable and was kept in a shed on the Falmouth property when it was not in use.

On the evening of November 27, 2008, Andrew Zamsky decided to go to the Falmouth property with several of his friends. The friends included, *inter alia,* defendant Renata Ivnistkaya and Aaron Bronstein. At some point after the group's arrival in Falmouth, it was decided to use the fire pit. The pit was

retrieved from the shed and placed in the middle of the deck. Lawn chairs were placed around the pit. Unfortunately, the group had trouble getting the fire in the pit started, so Aaron Bronstein, who was familiar with the property, announced that he was going to get something to get the fire going; Andrew Zamsky urged him to do so and directed him to the garage or the shed.

A few minutes later, Aaron Bronstein reappeared toting a red container containing gasoline. He poured the gasoline on the pit which resulted in an immediate large flash of flames. The flames caused burns to all present. Thereafter, Renata Ivnistkaya sued Andrew Zamsky for negligence in Middlesex Superior Court, *Ivnistkaya v. Zamsky,* C.A. No. MICV2011-01744, seeking damages for her bodily injury, and Vermont has been defending Andrew Zamsky under a complete reservation of rights.[1]

***III. Discussion***

The exclusion found in the Vermont policy is not unusual and has been the subject of two decisions of the Massachusetts Appeals Court. In the first case, *Callahan v. Quincy Mutual Fire Insurance Company,* 50 Mass. App. Ct. 260, 736 N.E.2d 857 (2000), Callahan ("Callahan") had brought a declaratory

1 There is no dispute that Andrew Zamsky is an "insured" under the Vermont policies.

judgment action seeking a declaration that the insurer ("Quincy") must defend him under a homeowners policy on property he owned in New Hampshire. That policy contained an exclusion identical in all pertinent respects to the one at issue in the instant case. The duty to defend involved a suit for damages for bodily injury brought by a person who was bitten by Callahan's dog at Callahan's other residence in Marshfield, Massachusetts. The Marshfield property was not an "insured location" under the policy on the New Hampshire property.

The Appeals Court stated the question before it as:

> ...whether the exclusion ought to be read as pertaining to anything that occurs on the [Marshfield] premises or whether the exclusion is limited to accidents that occur because of a condition of the [Marshfield] premises, such as a hole in a walkway, a loose step, defective plumbing, or faulty electric wiring.

*Callahan,* 50 Mass. App. Ct. at 261, 736 N.E.2d at 858.

Applying this test, the Appeals Court held that the dog bite did not "arise out of" the Marshfield property because the dog was "not a condition of the Marshfield premises, as a protective electric fence would be." *Id.* at 263, 736 N.E.2d at 859. "[The dog bite] happened there, but it did not 'arise out of,' as the phrase is

understood." *Id.*[2]

The second Appeals Court decision on the issue came about five years later in the case of *Commerce Insurance Co., Inc. v. Theodore,* 65 Mass. App. Ct. 471, 841 N.E.2d 281 (2006). The facts were that the insurance company ("Commerce") issued a homeowners policy to Theodore on his residence in Framingham, Massachusetts. Theodore owned another piece of property in Dorchester which was not insured. The policy on the Framingham property issued by Commerce contained the same exclusion as in the instant case, *i.e.,* no coverage "...for personal liability and medical payments to others '[a]rising out of a premises: (1) Owned by an "insured" ...that is not an "insured location."''" *Id.* at 471, 841 N.E.2d at 282 (footnote omitted). The Dorchester property was not an "insured location" under the policy which Commerce issued *vis-a-vis* the Framingham property. *Id.* at 472, 841 N.E.2d at 282.

The injury occurred when Theodore asked a friend to help him take down a tree on the Dorchester property. In the process, the friend fell off a ladder and was injured. *Id.* The neighbor sued Theodore for personal injury, and

---

2 The First Circuit, applying Massachusetts law, has come to a similar conclusion where the exclusion was for "any act or omission in connection with (business) premises." *Duggan v. The Travelers Indemnity Co., Inc.,* 383 F.2d 871, 875 (1 Cir., 1967). The Court held that the fact "[t]hat it happened on business premises did not make it 'in connection with' those premises." *Id.*

Commerce, although defending under a reservation of rights, sought a declaration that it had no duty to defend. *Id.*

Distinguishing the decision in *Callahan,* the Appeals Court found the exclusion applicable, writing that:

> [W]e consider that where, as here, a third person is on the property to repair a condition on the property - the dying tree - and in the course of such repair injury results, such injury is one 'arising out of a premises.'

*Id.* at 476, 841 N.E.2d at 285.

In the Court's view, the injury occurring when the fire pit was ignited with gasoline did not "arise out of" the Falmouth "premises." There is no doubt that the pit and gasoline were at the premises so that the family could use them there, but they were not a "condition" on the property "such as a hole in a walkway, a loose step, defective plumbing, or faulty electric wiring," *Callahan,* 50 Mass. App. Ct. at 261, 736 N.E.2d at 858, or, for that matter, a dying tree. If the fire pit had been somehow built into a patio or deck so that it was permanently affixed to a structure on the premises, the result might be different. But removing the fire pit and gasoline can from the premises does not in any way change the premises themselves. Perhaps another example would be the difference between an in-ground pool, which would arguably be part of

the premises, and an inflatable portable kiddie pool, which would not.

Put another way, the same accident could have happened anywhere. There was nothing about the Falmouth premises themselves which caused the accident to occur there other than that was where the fire pit and gasoline were located. For example, if the fire pit and gasoline had been at Aaron Bronstein's house and Andrew Zamsky had retrieved the gasoline, poured it on the pit and caused the flash of flames, there would be no basis for Vermont to claim that it did not have a duty to defend a claim against Andrew Zamsky for his own negligence in such a situation. The fact that the injury occurred at the Falmouth property rather than at some other place is insufficient to meet the requirements of the exclusion.

## *IV. Recommendation*

For this reason, Vermont is not entitled to a declaration that it has no duty to defend a claim based on personal injury which occurred from the use of the fire pit and gasoline at the Falmouth property on November 27, 2008. I RECOMMEND that Plaintiff's Motion for Summary Judgment (#26) be DENIED and that Defendant Scottsdale Insurance Company's Motion for Summary Judgment, Etc., (#34) and Defendant, Massachusetts Property Insurance

Underwriting Association's Motion for Summary Judgment (#48) be ALLOWED to the extent that Final Judgment enter for the defendants.

***V. Review by the District Judge***

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d

603(1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings

ROBERT B. COLLINGS
United States Magistrate Judge

November 9, 2012.