# United States District Court
# District of Massachusetts

VERMONT MUTUAL
    INSURANCE COMPANY,
        Plaintiff,

v.                                   CIVIL ACTION NO. 11–11869-NMG

ANDREW ZAMSKY,
RENATA IVNITSKAYA,
MASSACHUSETTS PROPERTY
    INSURANCE UNDERWRITING
    ASSOCIATION,
SCOTTSDALE INSURANCE COMPANY,
        Defendants.

## *REPORT AND RECOMMENDATION ON THE CROSS-MOTION OF RENATA IVNITSKAYA FOR SUMMARY JUDGMENT (#45) AND CROSS-MOTION [OF ANDREW ZAMSKY] FOR SUMMARY JUDGMENT (#55)*

COLLINGS, U.S.M.J.

    For the reasons stated in the Report and Recommendation, Etc. (#64)

entered November 9, 2012, I RECOMMEND that the Cross-Motion of Renata Ivnitskaya for Summary Judgment (#45) and the Cross-Motion [of Andrew Zamsky] for Summary Judgment (#55) be ALLOWED only to the extent that Final Judgment be entered for the defendants. In sum, the plaintiff seeks a declaratory judgment, and as explained in the Report and Recommendation, Etc. (#64), the plaintiff is not entitled to the declaration it seeks.

However, in their cross-motions, Renata Ivnitskaya and Andrew Zamsky seek to have the Court enter a declaratory judgment in their favor. In my judgment, they are not entitled to such affirmative relief because they did not file a counterclaim seeking affirmative relief. In other words, they are only entitled to a ruling by the Court denying plaintiff's prayer for a declaratory judgment; they are not entitled to a declaratory judgment in their favor.

This point was raised at the hearing on these motions on December 5th, and the Court gave counsel until the close of business on December 13th to file a brief in support of the proposition the defendants were entitled to a declaratory judgment in their favor. No brief was filed, so the Court assumes that its position is correct and that absent the filing of a counterclaim pursuant to Rule 13(a), Fed. R. Civ. P., the defendants are not entitled to a declaration in their favor; they are only entitled to defeat the plaintiff's prayer for a

declaratory judgment.

The parties are hereby advised that any party who objects to these recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

December 17, 2012.